IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JALETA ABDI UMETA                                                    PETITIONER

V.                                                   Cause No. 5:26-cv-00096-DCB-BWR

RAFAEL VERGARA, *Warden of Adams*                    RESPONDENT
*County Correctional Center*

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the 28 U.S.C. § 2241 Petition [1] filed *pro se* by Jaleta Abdi Umeta, a former immigration detainee, and the Motion to Dismiss [11], filed by Respondent Rafael Vergara, Warden of Adams County Correctional Center. Petitioner has been removed from the United States. His Petition [1] is moot. Respondent's Motion to Dismiss [11] should be granted and the Petition dismissed.

## I. BACKGROUND

Petitioner was born in Ethiopia. Pet'r Mem. [2] at 2. He entered the United States illegally in December 2024 and was immediately detained. Pet. Ex. [1-1] at 1. In July 2025, an immigration judge ordered that Petitioner be removed to Ethiopia. *Id.* Petitioner was in detention at Adams County Correctional Center and awaiting removal when he filed his Petition in February 2026. Pet. [1] at 1. Petitioner requested "immediate release from ICE custody, or order my removal to my home country." *Id.* at 7.

On April 24, 2026, Respondent filed a Motion to Dismiss the Petition without prejudice as moot because on April 14, 2026, Petitioner was removed from the United

States. Resp't Mot. [11] at 2. Respondent submitted a Warrant of Removal/Deportation signed by an immigration officer on April 20, 2026, that shows Petitioner departed the United States through a chartered flight on April 14, 2026. Resp't Mot. Ex. [11-1] at 2.

## II. DISCUSSION

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision" *Id.* The "[m]ootness doctrine requires that, to show a case or controversy under Article III of the Constitution, 'through all stages of federal judicial proceedings, trial and appellate[,] . . . parties must continue to have a personal stake in the outcome of the lawsuit." *Bacilio-Sabastian v. Barr*, 980 F.3d 480, 482 (5th Cir. 2020) (finding former immigration detainee's petition moot)(quoting *Lewis,* 494 U.S. at 477-48).

The Petition is moot because Petitioner has been released from ICE custody and removed from the United States. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 106 (2020) (describing habeas in the immigration context as "traditionally . . . a means to secure *release* from unlawful detention" and not "to obtain additional administrative review of his asylum claim and ultimately to obtain authorization to stay in this country.") (emphasis in original). The Petition no longer

presents a live case or controversy for purposes of satisfying Article III.

## III. RECOMMENDATION

It is recommended that Respondent's Motion to Dismiss [11] be granted and the Petition [1] dismissed without prejudice as moot.

## IV. NOTICE OF RIGHT TO OBJECT

Within fourteen days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to the proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A party may respond to another party's objections within 14 days after being served with a copy of the objections. *Id.* The district judge will determine de novo any part of the Report and Recommendation that has been properly objected to. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the Report and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *Id.*

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. A district judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996), *superseded by statute on other grounds,* 28 U.S.C. § 636(b)(1).

**SIGNED,** this the 4th day of May 2026.

_s/ Bradley W. Rath_

BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE